NEW JERSEY MISCELLANEOUS REPORTS. 133

Supreme Court—Baus v. Trenton and Mercer Co. Trac. Corp.

LEONARD BAUS AND JAMES MEANEY, PLAINTIFFS, v.
TRENTON AND MERCER COUNTY TRACTION CORPO-
RATION, DEFENDANT.

Argued November 7, 1923—Decided March 4, 1924.

**Negligence—Motor Vehicle Collision With Street Car—Com-
petency of Examination of Medical Witness—Judgment
Affirmed.**

On appeal.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN
and BLACK.

For the plaintiffs, *Martin P. Devlin*.

For the defendant, *Katzenbach & Hunt*.

PER CURIAM.

The trial in this case resulted in a verdict for the plaintiff
Leonard Baus for $15,000, and for the plaintiff James
Meaney for $255. On April 22d, 1922, James Meaney was
driving an auto delivery truck on South Clinton avenue,
Trenton, and while turning the truck in the street it was
struck by car No. 168 of the defendant company, causing
the injuries sued for. The plaintiff Leonard Baus was by
invitation riding in the truck with James Meaney, as driver.
The defendant company files six grounds of appeal in each
case, which are identical, and a seventh ground of appeal in
the Baus case. First, error in overruling two questions to
the plaintiff Edward Baus. These called for conclusions and
were properly overruled. To the first question there was an
objection but no exception (at *pp.* 117, 121). To the witness
Martin W. Reddan, "Now, doctor, what marked and familiar
symptoms of paralysis agitans is there which does not exist
in Mr. Baus' case?" This question was competent, but it is

not injurious error. *Pamph. L.* 1912, *p.* 382, § 27. The doctor testified (at *p.* 150) the plaintiff is not suffering from paralysis agitans. It did not affect the substantial rights of the defendant. The question to the witness Edward J. Peartree, what are the rules of the defendant company with respect to employes making a report of accidents? This is immaterial.

Second, the witness Martin W. Reddan was permitted to answer the following question: "Assuming that this man's memory were good before the accident, and normal, will you say he is able to recount with a fair degree of accuracy at this time the things that happened at the accident," to which the witness replied, "I don't think he is competent to give accurate answers." The plaintiff had already testified that his memory was poor since the accident, and this was corroborated by his wife. This was not error.

Third, error in denying defendant's motion for a nonsuit. Properly denied. Questions of fact involved.

Fourth, error in overruling defendant's offer to produce and prove a written statement of the accident made by the operator of the defendant's trolley car. This was clearly incompetent. It requires no discussion.

Fifth, error in permitting a witness Jennie Martin, when called in rebuttal, to be asked a question which she had answered in direct examination. This was discretionary with the trial court.

Sixth, error in permitting plaintiff's attorney to state that he wanted the jury to render a verdict of $15,000 for the plaintiff Leonard Baus. This was not error.

Seventh, error on the part of the trial court discharging a rule to show cause. This needs no discussion.

The judgment of the Mercer County Court of Common Pleas is affirmed in each case, with costs.